DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment that adjudicated Jesse W. Clark, defendant below and appellant herein, to be a sexual predator pursuant to R.C. 2950.09. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
"The Trial Court Erred By Finding Clear And Convincing Evidence Existed To Classifying Appellant A Sexual Predator."
SECOND ASSIGNMENT OF ERROR:
"The Trial Court Erred By Finding Sufficient Evidence Existed For The Classification Without Reviewing All Relevant Factors As Set Forth In Eppinger."
THIRD ASSIGNMENT OF ERROR:
"The Trial Court Failed To Comply With The Fourteenth AndSixth Amendment Of The United States Constitution, Article 1 Section 10 Of The Ohio Constitution And Provisions Of R.C. 2950.09 When It Failed To Provide Appellant With Effective Assistance Of Counsel."
¶ 2 In 1986, appellant engaged in anal intercourse with his eight year old step-daughter. He later confessed the incident to Pike County Sheriff's Deputies as well as two other incidents which involved the minor child performing oral sex. Appellant claimed that the victim "instigated" these acts herself.
 {¶ 3} On December 4, 1986, the Pike County Grand Jury returned an indictment charging appellant with rape in violation of R.C.2907.02(A)(1)(b). Appellant pled not guilty and the matter proceeded to a jury trial. The jury found appellant guilty of the offense. On May 12, 1987, the trial court sentenced appellant to an indefinite term of ten to twenty-five years imprisonment. We affirmed that conviction in State v.Clark (May 17, 1988), Pike App. No. 408.
 {¶ 4} Eight years later, the Ohio General Assembly adopted this State's version of "Megan's Law" which provides classification and notification requirements for offenders who commit sexually oriented crimes.[2] Pursuant to that legislation, the Department of Rehabilitation and Correction recommended that appellant be classified a sexual predator and be made subject to notification requirements. On October 21, 1997, the trial court held that the legislation as applied to those convicted of sexually oriented offenses prior to the effective date of the statute was impermissibly retroactive and an Ex Post Facto law in violation of the Ohio Constitution and the United States Constitution. The court then dismissed the proceedings.
 {¶ 5} The following year, the Ohio Supreme Court held that the statute violated neither the Retroactivity Clause of the Ohio Constitution nor the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, at paragraphs one and two of the syllabus.[3] The instant proceedings were therefore reinstated and hearing a held on November 29, 2001, to determine appellant's status as a sexual offender. The trial court heard arguments and, on January 11, 2002, adjudicated appellant to be a "sexual predator." The court ordered that appellant register with the county sheriff wherever he resides within seven (7) days after his release from prison and every ninety (90) days thereafter. This appeal followed.
 I {¶ 6} We jointly consider appellant's first and second assignments of error which, together, posit that the trial court erred when it classified him as a sexual predator. Our analysis begins with R.C. 2950.01
which defines a "sexual predator" as someone who has been convicted of a sexually oriented offense and is likely to engage in one or more such offenses in the future. Id. at (E)(1). For those convicted of sexually oriented offenses prior to 1997, the Ohio Department of Rehabilitation and Correction shall determine whether to recommend that such offenders be adjudicated as sexual predators. R.C. 2950.09(C)(1). If the department makes such a determination, it shall recommend to the trial court that the offender be so classified. The trial court may then either reject that recommendation or schedule a hearing to determine if such classification is warranted. Id. at (C)(1)-(2)(a).
 {¶ 7} If the court schedules a hearing, both the offender and the prosecutor must be afforded the opportunity to present evidence, call, examine and cross-examine witnesses and present expert witnesses regarding the determination of whether the offender is a sexual predator. Id. at (C)(2)(b) (B)(1). Ultimately, in deciding whether an offender is a sexual predator the court must consider all relevant factors including, but not limited to, the following:
"(a) The offender's age;
(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender, during the commission of the sexually oriented offense for which sentence is to imposed, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offenders conduct." Id. at (B)(2).
 {¶ 8} Trial courts may not adjudicate an offender to be a sexual predator unless there is clear and convincing evidence in the record to support such a determination. Cook, supra at 423-424; State v. Eppinger,91 Ohio St.3d 158, 163, 743 N.E.2d 881. "Clear and convincing evidence" is that measure of proof which produces in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established — it is intermediate, more than a mere preponderance, but less than is required to establish something beyond a reasonable doubt. See Statev. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54; Cross v.Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118. Moreover, a reviewing court will not reverse a trial court's determination that an offender is a sexual predator if that determination is supported by some competent and credible evidence. See State v. Tillery, Cuyahoga App. No. 79166, 2002-Ohio-1587; State v. Maple, Ross App. No. 01CA2605, 2002-Ohio-1595; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13. With these principles in mind, we turn our attention to the proceedings below.
 {¶ 9} In the instant case the trial court's January 11, 2002 judgment specifies the following reasons for classifying appellant as a sexual predator:
"The [appellant] was forty-three (43) years old at the time of the offense.
The victim was eight (8) years old at the time of the offense.
* * *
The [appellant] has refused to participate in sex offender counseling while in prison.
During the investigation, the [appellant] confessed to acts of oral sex and anal sex with the eight year old victim.
During the investigation, the [appellant] stated that the eight year old victim instigated the acts of oral sex and anal sex, and asked him to perform anal sex with her.
The [appellant's] conduct toward the victim constitutes a demonstrated pattern of abuse.
The [appellant] has failed to acknowledge responsibility for this offense."
 {¶ 10} It is clear from this litany that the trial court considered a number of factors from R.C. 2950.09(B)(2), including appellant's age, the victim's age, the nature of the offense and the fact that the offense was part of a demonstrated pattern of sexual abuse. Id. at (a),(c)(h). In addition, the court cited appellant's lack of remorse and his assignment of blame for these crimes to his then eight (8) year old victim. The court also noted the fact that appellant has refused to participate in sex offender counseling while in prison.[4] These are all relevant factors and appropriate factors to consider under R.C.2950.09(B)(2).[5] We also point out that appellant spoke several times during the course of proceedings below and not once did he express remorse for his actions or apologize for the harm he inflicted on his young victim. This factor can certainly be considered in determining whether appellant has a propensity to commit such offenses in the future.
 {¶ 11} We conclude that sufficient evidence exists to support the trial court's findings. Most of that evidence comes from the original facts of the case (e.g. appellant's age, the age of the victim, the nature of the offense, the other sexual acts and his propensity to blame the victim) but new evidence was adduced as well. For instance, it is uncontroverted that appellant refused to participate in any counseling for sexual offenders in prison. Further, the tenor of appellant's comments at the hearing reveal no remorse and give no indication that he is no longer a threat to society. Thus, we believe that sufficient evidence in the record supports the trial court's sexual predator adjudication.
 {¶ 12} Appellant counters that the prosecution relied mostly on argument and did not introduce any evidence to support its claim that he is a sexual predator. We are not persuaded. To begin, many of the factors set out in R.C. 2950.09(B)(2) refer to the original "conviction data" (e.g. the age of the offender, the age of the victim, the circumstances of the assault) and can be addressed through argument at the hearing. Second, the prosecution did refer to a "summary report" sent by the Chillicothe Correctional Institute. Appellant objects to the fact that this report was, apparently, not introduced into evidence. We agree that this could have been problematic but we note that the only portion of the report on which the court appears to have relied in making its sexual predator determination was the fact that appellant refused counseling while in prison. We again note, however, that appellant admitted this fact during the course of the hearing.
 {¶ 13} Appellant also contends that because his conviction was so long ago, and another judge presided over the original trial, the prosecution should have introduced the trial transcript into evidence for the court's consideration. Although we agree that a review of the original trial transcript would generally be helpful when making a sexual predator determination, we note that most of the factors relied on by the trial court can be found in the original papers which are still a part of the record. In particular, a report by the Pike County Sheriff's Office recounts appellant's confession to the act of anal sex, two other incidents of oral sex and appellant's contention that appellant's eight year old step-daughter instigated these acts. We further note that appellant does not challenge any of these findings as factually inaccurate. Rather, appellant contends that the prosecution did not introduce separate evidence at the hearing to support them. Because there is support for the court's findings elsewhere in the record, we find that particular argument unavailing.
 {¶ 14} Appellant also contends that the trial court failed to conduct a so-called "model hearing" as described in Eppinger, supra. We disagree. A majority of the Supreme Court in Eppinger stated that there are essentially three objectives in a "model sexual offender classification hearing:" (1) a record must be created for review; (2) an expert may be required to assist the trial court in determining whether the offender is likely to engage in one or more sexually oriented offenses in the future and, thus, either side should be allowed to present expert testimony; and (3) the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2). 91 Ohio St.3d at 166. We believe that the trial court substantially followed these guidelines.
 {¶ 15} The transcript of the November 29, 2001 hearing creates a record of the evidence upon which each side relied in making its argument. Moreover, as we earlier discussed, the January 11, 2002 judgment that classified appellant as a sexual predator makes clear that the trial court considered many of the pertinent statutory factors. Further, we note that appellant did not request the appointment of an expert witness as was the case in Eppinger. We find nothing in either R.C. Chapter 2950 or in any of the Ohio Supreme Court jurisprudence which requires that expert testimony be adduced as a prerequisite for adjudicating an offender to be a sexual predator. Under the circumstances in the instant case, we do not find the absence of such testimony to be fatal. We therefore conclude that the trial court substantially complied with the requirements of a "model" hearing as set out in Eppinger.
 {¶ 16} Appellant also contends that the trial court did not consider all of the relevant statutory factors. He does not explain, however, which factors (if any) should have been considered but were not, or if any factors in R.C. 2950.09(B)(2) weighed against classifying him as a sexual predator. We note that the statute does not require a court to discuss every factor. Rather, a court need only discuss those factors that are relevant in making an adjudication. Cook, supra at 426. We conclude in the instant case that the trial court fully considered the relevant statutory factors. Moreover, as stated previously, we believe that sufficient evidence exists in the record to support the trial court's decision to classify appellant as a sexual predator. For these reasons, we hereby overrule appellant's first and second assignments of error.
 II {¶ 17} In his third assignment of error, appellant argues that he received ineffective assistance from counsel during the sexual predator hearing and that the judgment should be reversed and this matter be remanded for a new hearing. We are not persuaded. In order to establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998),82 Ohio St.3d 123, 139, 694 N.E.2d 916.[6] Both prongs of this test need not be analyzed if a claim can be resolved under only one of them. See State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. Thus, if a claim can be resolved because a defendant has not established prejudice, that course of action should be followed. See State v. Loza
(1994), 71 Ohio St.3d 61, 83, 641 N.E.2d 1082. With this in mind, we turn our attention to the instances of alleged ineffectiveness raised by appellant in his brief.
 {¶ 18} In the case at bar, appellant advances several arguments why he believes his counsel provided ineffective assistance. First, he contends his counsel "did not appreciate the fact that it was the State, and not [him] who had the burden of proof." We are not entirely sure what appellant means by this. However, our review of the record reveals that the prosecution presented its case to establish a sexual predator classification and appellant made his case against it. We find no error in counsel's actions on that point.
 {¶ 19} Appellant also alleges that counsel "did not object when the prosecution offered nothing but argument to support [a sexual predator] classification." Again, we find no error here because, as we noted earlier the prosecution was free to argue original "conviction data." The factors set out in R.C. 2950.09(B)(2) also contemplate that such an argument will be made.
 {¶ 20} Appellant also claims that counsel "did not present evidence to document [his] attendance at stress management classes and other positive inmate history." Assuming, arguendo, that such evidence exists, and further assuming that it could have been introduced at the hearing, we fail to see how this information would have appreciably helped appellant or somehow weighed against his classification as a sexual predator. Appellant's attendance at stress management classes, or even model behavior as a prisoner, does not (1) change the fact that he refused to attend the sex offender program in prison; and (2) establish how such behaviors make him less likely to commit sexually oriented offenses in the future. Thus, we believe that appellant cannot show the requisite prejudice needed to reverse the judgment on grounds of ineffective assistance.
 {¶ 21} Appellant also asserts that counsel's reference was deficient for failing to request findings of fact and conclusions of law in response to the trial court's decision. Here again, we do not see how such a request would have changed the outcome. Thus, appellant has not demonstrated the requisite prejudice.
 {¶ 22} Finally, appellant contends that counsel erred by not filing the "memos" requested by the trial court at the conclusion of the hearing.[7] We agree with appellant that counsel should have complied with the trial court's request. Appellant, however, fails to demonstrate in his brief that a memorandum would have changed the outcome of the case. We will not presume prejudice, but require that it be affirmatively shown. See e.g. State v. Tucker (Apr. 2, 2002), Ross App. No. 01CA2592;State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported; State v.Maughmer (Feb. 7, 1991), Ross App. No. 1667, unreported. Thus, appellant has not established that if counsel had filed the requested memorandum, the outcome of the trial court's decision could have been different. For these reasons, we find no merit in the third assignment of error and it is accordingly overruled.
 {¶ 23} Having considered all the errors assigned and argued in the briefs, and after finding merit in none of them, we hereby affirm the trial court's judgment.
[2] See generally Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, 2601.
[3] We parenthetically note that on March 5, 2003, the United States Supreme Court reached a similar conclusion and held that Alaska's version of Megan's Law did not violate the Ex Post Facto Clause of the Constitution. See Smith v. Doe (2003), ___ U.S. ___, ___ L.Ed.2d ___, ___ S.Ct. ___.
[4] Appellant explained during the hearing below that he did not participate because the counseling was not run by "qualified staff" but by the prisoners themselves who "have no education or anything."
[5] The provisions of R.C. 2950.09(B)(2)(f) allow trial courts to consider whether offenders refused to participate in programs for sex offenders while in prison for any previous sex offenses. Because appellant does not appear to have any prior convictions for sex offenses, this factor does not apply here. However, we believe that his refusal to participate in counseling while in prison for this particular offense may be considered as a factor in the court's decision.
[6] Although ineffective assistance of counsel claims are more commonly seen with regard to criminal convictions, those claims have also been entertained in the context of sexual predator hearings conducted pursuant to R.C. 2950.09(C)(1). See e.g. State v. Schoolcraft (Apr. 24, 2002), Lorain App. No. 01CA7892; State v. Young (Jun. 13, 2000), Meigs App. No. 99CA13; State v. Dillbeck (Dec. 14, 1999), Franklin App. No. 99AP-399.
[7] The transcript of the November 29, 2001 hearing reveals that the trial court gave each side until the following December 10th to submit "memos." There is no indication in the record, however, that either side filed such memoranda.